UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH KIRK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2683** |
| **STATE OF LOUISIANA** | **SECTION: "B"(5)** |

### REPORT AND RECOMMENDATION

In August 2022, *pro se* petitioner Keith Kirk filed the above-captioned application for federal habeas corpus relief.[1] Upon receipt of the application, the Clerk's Office issued a standard deficiency notice to Kirk warning that his application was deficient for failure to submit the proper form petition and include either an application to proceed *in forma pauperis* or the requisite $5.00 filing fee. Kirk failed to comply with the deficiency notice.[2] The undersigned issued an order providing Kirk another opportunity to comply, but he failed to do so.[3] To date, the above-captioned federal habeas application remains deficient. *See* Rules 2(c)-(d), 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, the instant application should be dismissed without prejudice for this reason. *See e.g.*, *Searls v. Cain*, Civ. Action No. 08-928, 2008 WL 1745142 (E.D. La. Apr. 10, 2008).[4]

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 2.

[3] Rec. Doc. 3.

[4] The Court emphasizes that dismissal of this proceeding is without prejudice and will not impact Kirk's ability to refile his application with the necessary forms, including the certified pauper application or filing fee. However, Kirk is cautioned that for second or successive habeas applications, petitioners should first obtain authorization to proceed from the United States Fifth Circuit Court of Appeals. 28 U.S.C. § 2244. In 2016, Kirk's habeas petition filed in this Court, challenging his 2011 state-court conviction for second degree murder, was dismissed with prejudice as time-barred.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Keith Kirk in the above-captioned matter be **DISMISSED WITHOUT PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).

New Orleans, Louisiana, this __2nd__ day of __November__, 2022.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**